UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANDREW WILSON     Plaintiff

v.     Civil Action No. 3:24-cv-61-RGJ

DAVID BATES, ET AL.,     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendants Farm Credit Mid-America, ACA, Farm Credit Mid-America, FLCA, and Farm Credit Mid-America, PCA (collectively, "FCMA") and Defendants David Bates, Steve Bush, Todd Clark, Dane Coomer, Doc Cottingham, Franklin A. Fogleman, Jr, Lowell Hill, Steph Hopper, Laura Knoth, Dale Koester, John Kuegel, Jr, Jason Moore, Brandon Robbins, Gary Sitzer, Dale Tucker, and Rachael Vonderhaar (collectively, "Director Defendants,") move to dismiss Plaintiff Andrew Wilson's ("Wilson") Complaint.[1][2] [DE 30; DE 31]. Responses and Replies were filed to both motions. [DE 35; DE 36; DE 37; DE 38]. This matter is ripe. For the reasons below, the Court lacks subject matter jurisdiction, and thus, FCMA's [DE 30] and Director Defendants' [DE 31] motions to dismiss are **GRANTED in part and this matter is dismissed without prejudice**.

**I.     BACKGROUND**

Wilson is a self-employed farmer of over 30 years, residing in Ohio. [DE 1 at 5]. He has been a stockholder of FCMA for over 20 years and served as an elected member on its Board of Directors since 2007.  [DE 1 at 5-6]. He has served as Chairman since 2016 and was reelected in July 2023. [*Id*. at 6].   FCMA is regulated by the Farm Credit Administration pursuant to the Farm

---

[1] FCMA and the Director Defendants are collectively referred to as the "Defendants."
[2] Although Counsel attached Memorandums in support of their motions, the Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. In the future, Counsel is advised to file a unified motion.

Credit Act (the "Act"). [DE 30 at 181]. FCMA's Board of Directors ("Board") consists of "elected stockholders and two outside individuals who meet regularly to slate policy and provide overall direction to the Association's leadership." [DE 30 at 181 (citing Act § 2.11 [12 U.S.C. 2092]).

Members of the Board are required to adhere to FMCA's Bylaws and Standards of Conduct Policy, which include completing a disclosure form approved by the Standards of Conduct Officer. [*Id.* at 6]. In 2022, item 3(b) of the Disclosure Form required Wilson to answer whether he had "been convicted in a criminal proceeding or been named a party in a pending criminal proceeding (EXCLUDING TRAFFIC VIOLATIONS AND OTHER MISDEMEANORS)" [*Id.*]. In October 2022, Wilson was charged with one count of criminal mischief, but did not include this on his 2022 Disclosure Form because "the maximum penalty for his charge is a misdemeanor." [*Id.*].

Wilson alleges that unlike the 2022 Disclosure Form, which Wilson completed in writing, his 2023 Disclosure Form was completed by having the questions on the form read to him by FCMA's General Counsel, Standards of Conduct Officer, and Elections Officer, Kristie Phillips ("Phillips") and Wilson providing verbal answers. [*Id.* at 8]. Wilson alleges that the language "EXCLUDING TRAFFIC VIOLATIONS AND OTHER MISDEMEANORS" was removed from 3(b) without his knowledge on the 2023 Disclosure Form. [*Id.* at 9].

On July 24, 2023, a special executive session of the Board was held, and Phillips reported to the Board that Wilson gave false information on his 2023 Disclosure Form. [DE 1 at 4]. In August of 2023, the Board engaged Maynard Nexsen to investigate, and the investigation determined that Wilson violated the Farm Credit Act ("FCA") and the FCMA's policies. [*Id.*]. The Board sent Wilson a Censure Letter, preventing him from serving on any committees or in any leadership capacity on the Board, and sent notice of a special meeting to FCMA's stockholders to vote on the Board's recommendation to remove Wilson. [*Id.* at 4-5].

Wilson sued, alleging two claims against FCMA and the Director Defendants. First, he alleges under Count One a claim for "Unauthorized Removal from the Board of Directors" in violation of the Bylaws of FCMA because "FCMA failed in its duty to provide the necessary information to Wilson in completing his 2023 Disclosure Form." [DE 1 at 9]. Wilson further alleges under Count One that "Philips . . . deviated from FCMA's policies and procedures, and failed to provide Wilson with an opportunity to review and/or correct his form" and that the other reasons given in the censure letter "are not permissible ground for removal and, therefore, FCMA and its Board . . . exceeded their authority." [DE 1 at ¶¶ 57-58, 60]. Second, Wilson alleges under Count Two a claim for "Breach of Duty of Good Faith, alleging that that FCMA and Philips breached their duties of good faith and loyalty owed to Wilson by failing to provide information to Wilson about the change in the disclosure form." [*Id*. at ¶¶ 63-64].

FCMA moved to dismiss Wilson's complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. [DE 30]. Director Defendants incorporated by reference FCMA's motion to dismiss under Rule 12(b)(1) and moved under Rule 12(b)(6) for failure to state a claim against the individual Director Defendants. [DE 31].

## II.   DISCUSSION

### A. Standard on Motions to Dismiss for Lack of Subject-Matter Jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The issue is non-waivable and may be raised by the court sua sponte. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the movant questions whether the plaintiff has alleged a basis for subject matter jurisdiction, challenging the sufficiency of the pleading itself. *Id*. The Court must take the allegations of the complaint as true. *Id*. By contrast, [a] factual attack challenges the factual existence of subject matter jurisdiction." *Id*. In a factual attack, the "court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id*. In either situation, the plaintiff has the burden of proving jurisdiction to survive a motion to dismiss. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). The Defendants' challenge to jurisdiction here is a facial attack, premised largely upon the allegations in the Complaint, thus those allegations are taken as true.[3]

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States. In other words, federal courts are limited in their jurisdiction, and "possess only that power authorized by Constitution and statute . . ." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). This is commonly called federal question jurisdiction, and courts use the "well-pleaded complaint rule" to determine whether this jurisdiction is proper. *Obeid v. Meridian Auto. Sys.,* 296 F. Supp. 2d 751, 752 (E.D. Mich. 2003) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The face of the complaint does not include defenses

---

[3] Defendants raise a number of documents outside the pleadings under their 12(b)(6) motions; however, their challenges to subject matter jurisdiction are premised upon Wilson's complaint alone.

that might be raised: "Congress has not authorized removal based on a defense or anticipated defense federal in character." *Rivet*, 522 U.S. at 472. There are two ways a case can arise under federal law; primarily "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The second way to create a federal question is a small category of claims that originate from state law and pass the following test: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.

**B. Analysis**

    *i.   Whether Federal Law Creates Wilson's Causes of Action*

The first question is whether Wilson alleges a federal claim, *i.e*., a claim that arises under federal law. As noted above, Wilson alleges "Unauthorized Removal from the Board of Directors" in violation of the Bylaws of FCMA, and Breach of Duty of Good Faith under "common law." [DE 1]. Thus, the Court analyzes whether of these claims arise under federal law.

Wilson alleges in his complaint that federal question jurisdiction exists under "Section 5.29(A)(b)(8) of the Farm Credit Act, as such is designated as the exclusive original jurisdiction due to the subject matter of the dispute." [DE 1 at 4]. Wilson does not allege in his complaint that any other federal question governs his claims; thus, the issues is whether Wilson's claims invoke federal question jurisdiction under the Farm Credit Act. A federal statute can create a cause of action in one of two ways, either expressly in the text of the statute, or as a direct implication of that text. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1013 (6th Cir. 2018). By its plain language the section of the Farm Credit Act cited by Wilson refers to the power of the Farm Credit Administration, not FCMA, and is expressly limited to an "order issued [by the Farm

5

Credit Administration] under section 5.28 or 5.29." 12 U.S.C.A. § 2265a (West). Here, Wilson does not allege to have received an order from the Farm Credit Association, makes no allegations regarding the Farm Credit Association, and has not sued the Farm Credit Association. Simply put, the section of the FCA Wilson cites is inapplicable.

But the Court need not delve further into whether the Farm Credit Act expressly or impliedly creates a cause of action as the Sixth Circuit has held there is no private right of action under the FCA. *Bowling v. Block*, 785 F.2d 556, 557 (6th Cir. 1986). Other jurisdictions have similarly found no private cause of actions exists under the FCA. *See Wagner v. PennWest Farm Credit, ACA*, 109 F.3d 909, 913 (3d Cir. 1997); *Grant v. Farm Credit Bank of Texas*, 8 F.3d 295, 296 (5th Cir. 1993); *Saltzman v. Farm Credit Services*, 950 F.2d 466 (7th Cir.1991); *Zajac v. Federal Land Bank*, 909 F.2d 1181 (8th Cir.1990) (en banc); *Harper v. Federal Land Bank*, 878 F.2d 1172 (9th Cir.1989); *Griffin v. Fed. Land Bank*, 902 F.2d 22 (10th Cir.1990); and *Smith v. Russellville Production Credit Assn*, 777 F.2d 1544 (11th Cir.1985). Moreover, as the Ninth Circuit has noted, "review of the administrative remedies provided by the 1987 Act convinces us that Congress intended administrative review to be the exclusive remedy." *Harper,* 878 F.2d at 1176 (citing *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 15 (1981) ("In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.").

Nor does the mere fact that that FCMA is a federally chartered institution convey jurisdiction. 29 U.S.C. § 1349 ("The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.") Thus, although Wilson attempts to bring claims for "unauthorized removal" and "breach of duty of good

faith and loyalty" under the Farm Credit Act, the Farm Credit Act does not create a private cause of action and Wilson's claims do not arise under federal law.

> ii.   *Whether Wilson's Claims Raise a Substantial Question of Federal Law*

Since Wilson's causes of action do not arise under federal law, the next question is whether Wilson's causes of action raise a substantial federal question under the *Gunn* test as set forth above. Wilson argues that "even if the cause of action did not arise under the [Farm Credit] Act, issues regarding the regulatory structure are intertwined and necessarily invoke this Court's jurisdiction." [DE 36 at 343].

> a.   *Count One - Claim for Unauthorized Removal from Board of Directors*

First, the Court examines whether the allegations supporting Wilson's claim that his removal was unauthorized in violation of the Farm Credit Act are sufficient to invoke federal jurisdiction. This cause of action alleges FCMA violated its bylaws when it recommended Wilson be removed, breached its duty when it failed to provide him information to complete the 2023 Disclosure Form, and violated its policies and procedures. [DE 1 at 9-10]. This cause of action is titled "Unauthorized Removal from the Board of Directors." [DE 1 at 9]. As noted above, no private cause of action exists under the Farm Credit Act, and Wilson does not argue that this cause of action arises under common law. Nor has the Court located authority supporting Wilson's claim in Count One as a recognized cause of action under Kentucky law. It is unclear whether this claim sufficiently pleads a cause of action and thus, the Court cannot find that this claim raises a substantial federal question that would satisfy the *Gunn* test to support subject matter jurisdiction.

In addition, Wilson cites *Gibson v. First Fed. Sav. & Loan Ass'n*, 364 F. Supp. 614 (E.D. Mich. 1973), aff'd, 504 F.2d 826 (6th Cir. 1974) for the proposition that "issues regarding the regulatory structure [of the Farm Credit Act] are intertwined and necessarily invoke this Court's

jurisdiction." [DE 36 at 343]. That case involved homeowners who had mortgages with a federal savings and loan association and claimed that the loan provisions violated a governing federal regulation. *Id*. at 561-62. The district court found jurisdiction under 28 U.S.C. § 1337, which provides "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies . . ." *Id*. at 616-617, n.6; *Gibson v. First Federal Sav. & Loan Ass'n*, 347 F.Supp. 560, 564 (E.D. Mich. 1972). Federal jurisdiction under 28 U.S.C. § 1337 requires the existence of an independent federal right in addition to Congress's power to regulate commerce. *Cooper v. Baldwin-Bellmore Fed. Sav. & Loan Ass'n*, 390 F. Supp. 874, 876 (E.D.N.Y. 1975). Wilson does not argue that 28 U.S.C. § 1337 confers jurisdiction here and the Sixth Circuit has since recognized that no private cause of action exists under the banking act at issue in those cases. *See Korfhage v. Great Financial Corp*., 127 F. 3d 1102 (1997) citing to *Taylor v. Citizens Fed. Sav. & Loan Ass'n*, 846 F.2d 1320, 1321-24 (11th Cir. 1988) ("Taylor cites to us cases from the Second and Sixth Circuits upholding a private right of action under HOLA, *Gibson* . . . *Murphy* . . . [t]hose decisions were handed down before *Cort* was decided, and they do not undertake anything like the analysis subsequently required by *Cort* and the line of cases that follow it).

      b. *Count Two – Claim for Breach of Duty of Good Faith and Loyalty*

Under Count Two, Wilson alleges that FCMA and Wilson violated common-law duties of good faith and loyalty by "fail[ing] to provide information to its board members for the board member to carry out his/her fiduciary duties as a board member." [DE 1 at 10]. Specifically, Wilson alleges that Phillips "failed to inform Wilson of any changes to the 2023 Disclosure Form; failed to articulate the changes to the form . . . failed to accurately complete Wilson's form . . . and failed to provide Wilson with a written copy of the 2023 Disclosure Form to review and sign."

8

[DE 1 at 10]. He further alleges that "the common law duty of good faith and loyalty is breached when the company fails to provide information to its board members forth board member to carry out his . . . fiduciary duties as a board member." [DE 1 at 10].

Under Kentucky law, the duties of good faith and loyalty are described as fiduciary duties. *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 194 (Ky. 2013) (explaining the duties that can be described as "fiduciary"). A claim for breach of fiduciary under Kentucky law requires (1) that the defendant owed a fiduciary duty, (2) breached that duty, and (3) that the breach caused damages. *Ivan Ware & Son, Inc. v. Delta Aliraq, Inc.*, No. 3:10-CV-00484-CRS, 2016 WL 868840, at *5 (W.D. Ky. Mar. 7, 2016); *see also Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F. Supp. 2d 902, 916 (W.D. Ky. 2007). As noted above, federal jurisdiction will lie over this claim if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn*, 568 U.S. at 258. The parties do not grapple with this issue directly in their briefing. But Wilson recognizes that whether FCMA and the Director Defendants owed a duty depends upon Kentucky law, specifically, KRS § 271B.8-300 and KRS § 271B.8-420, which set forth the standards for directors. [DE 36 at 348-49]. Thus, the FCMA's and Defendant Directors' fiduciary duties do not stem from the Farm Credit Act and its regulations, but from the duties they owe under Kentucky law. Wilson alleges generally in his complaint that FCMA and the Director Defendants violated the FCMA's bylaws and policies and procedures. He does not allege how these violations implicate the Farm Credit Act, but "even if [the Farm Credit Act] (or another federal issue) would arise in litigation pursued by [Wilson], federal jurisdiction is not established simply because a state court may have to entertain a federal issue. State courts are

9

well-equipped to do so, when asked." *Miller v. Bruenger*, 949 F.3d 986, 992 (6th Cir. 2020) citing *Hill v. Curtin*, 792 F.3d 670, 675 (6th Cir. 2015).

In addition, the Farm Credit Administration, the agency with regulatory powers under the Farm Credit Act, is not a party to this case, and Wilson's allegations do not implicate the Farm Credit Administration's enforcement powers or actions. *Miller*, 949 F.3d at 993 ("In assessing whether a federal question of law is substantial, we consider whether a federal agency is a party to the action . . ."). As a result, for all these reasons and even taking the allegations of the Complaint as true, Count Two does not necessarily raise an issue of federal law that will be actually disputed, substantial, and capable of resolution in federal court.

The Court lacks subject matter jurisdiction and the motions to dismiss will be granted on this ground and the Court will not address the arguments raised under Fed. R. Civ. P. 12(b)(6).[4]

### III.  CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) FCMA's motion to dismiss [DE 30] and Director Defendant's' motion to dismiss [DE 31] are **GRANTED in part** as to lack of subject-matter jurisdiction.

(2) This matter is **STRICKEN** from the Court's active docket.

(3) The Court will issue separate judgment dismissing the Complaint without prejudice.

March 12, 2025

Rebecca Grady Jennings, District Judge
United States District Court

---

[4] In response to FCMA's argument that Count One was not pleaded with sufficient particularity, Wilson asked the Court in passing to be permitted to amend his complaint without attaching a proposed amended complaint. [DE 36 at 348]. The Court need not address this request.